UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EARL JAMES RAY, JR.,

Plaintiff,

v. Case No. 3:24-CV-460-TJC-PDB

DR. ASBELTI LLORENS et al.,

Defendants.

# Order

This order addresses two motions: (1) the plaintiff's motion for clarification and to strike and re-send part of an order, Doc. 80; and (2) the plaintiff's motion for the appointment of counsel, Doc. 82.

## (1)

The plaintiff's motion for clarification and to strike and re-send part of an order, Doc. 80, is **granted** only to the following extent. The only paragraph missing from the referenced order states, "Before entering a case scheduling order, the Court will require the parties to attend a settlement conference with the Honorable Patricia D. Barksdale, United States Magistrate Judge. The timing and logistics of the settlement conference will be set by Judge Barksdale's chambers." *See* Doc. 78 at 2. The court is not giving the defendants another "bite at the apple." Rather, under Rule 12(a)(4)(A), Federal Rules of Civil Procedure, when a court denies a motion to dismiss, as here, the defendant has an opportunity to answer the complaint. If the parties fail to

settle at the upcoming settlement conference, the court will enter a scheduling order.

**(2)**

The plaintiff's motion for the appointment of counsel, Doc. 82, is **denied without prejudice**.

A plaintiff in a civil case has no constitutional right to counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). The in forma pauperis statute provides, "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute's use of "may" connotes discretion. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005) (analyzing "may" in another context). The statute's use of "request" permits a court to ask but not compel a lawyer to represent an indigent litigant for free. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989).

A court should exercise its discretion to recruit a lawyer to represent an indigent litigant for free "only in exceptional circumstances." *Bass*, 170 F.3d at 1320. Considerations include the type and complexity of the claim, whether the plaintiff can adequately investigate and present his claim, and whether the claim will require skill in presenting evidence and cross-examining witnesses. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (cited with approval in *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1065 n.11 (11th Cir. 2013)).

The plaintiff fails to show exceptional circumstances warranting the recruitment of a lawyer to represent him at this time. Neither the facts nor the law is complex, and, despite the limitations he describes in the motion, including a low IQ, he has aptly presented his claims and positions thus far. If,

at the settlement conference, the undersigned is concerned that the plaintiff cannot proceed without counsel, the undersigned will reconsider the decision.

**Ordered** in Jacksonville, Florida, on October 16, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*

c: Earl James Ray, Jr.,
Counsel of Record